RE: CITY OF MIDWEST CITY
THIS WILL FOLLOW UP MY PREVIOUS LETTER TO YOU DATED APRIL 2, 1990, A COPY OF WHICH I HAVE ENCLOSED FOR YOUR CONVENIENCE. IN THE EARLIER LETTER, I ALLUDED TO A CONVERSATION IN WHICH WE DISCUSSED CERTAIN CONCERNS OF YOURS ABOUT THE REMOVAL OF A PERSON FROM THE CITY OF MIDWEST CITY BOARD OF ADJUSTMENT. I INFORMED YOU, BASED ON A TELEPHONE CONFERENCE WITH CITY OF MIDWEST CITY ATTORNEY JOHN VINCENT, THAT THE QUESTIONS YOU POSED WERE PURELY QUESTIONS OF MUNICIPAL, NOT S ATE, LAW. THAT CONCLUSION WAS, AS IT TURNS OUT, BOTH PREMATURE AND INACCURATE.
I HAVE ALSO BE\COME AWARE THAT CERTAIN MIDWEST CITY OFFICIALS HAVE CHARACTERIZED MY PREVIOUS LETTER TO YOU AS AN ATTORNEY GENERAL'S OPINION" WHICH CARRIES WITH IT THE IMPLICATION THAT THE VIEWS EXPRESSED THEREIN WERE BINDING ON THE CITY.
IT NOW APPEARS THAT THERE IS A STATE STATUTE DIRECTLY APPLICABLE TO YOUR QUESTION. 11 O.S. 44-101 (1981) PROVIDES AS FOLLOWS:
 "WHERE A MUNICIPALITY IS EXERCISING ZONING POWERS, AS CONFERRED BY 11 O.S. 43-101 THROUGH 11 O.S. 43-109 OF THIS TITLE, THE GOVERNING BODY OF THE MUNICIPALITY SHALL PROVIDE BY ORDINANCE FOR THE APPOINTMENT OF A BOARD OF ADJUSTMENT. THE BOARD OF ADJUSTMENT SHALL CONSIST OF FIVE (5) MEMBERS, EACH TO BE APPOINTED FOR A TERM OF THREE (3) YEARS AND REMOVABLE FOR CAUSE BY THE GOVERNING BODY. UPON WRITTEN CHARGES AND UPON PUBLIC HEARING. VACANCY SHALL BE FILLED FOR THE UNEXPIRED TERM OF ANY MEMBER WHO TERM BECOMES VACANT. (EMPHASIS ADDED.)"
THIS STATUTORY REQUIREMENT WOULD CONTROL ANY CITY OF MIDWEST CITY ORDINANCE WITH WHICH IT IS CONFLICT. 11 O.S. 14-101 (1981). WHILE IT IS TRUE THAT A CONTRARY CITY CHARTER PROVISION WOULD CONTROL THE STATUTE, I AM INFORMED THAT THERE IS NO CITY OF MIDWEST CITY CHARTER PROVISION APPLICABLE TO YOUR QUESTION. IT THEREFORE APPEARS TO ME THAT THAT, BASED ON THE INFORMATION NOW AVAILABLE, THE ABOVE QUOTED PROVISIONS OF 11 O.S. 4-101 WOULD APPLY TO YOUR QUESTION. MUNICIPAL ORDINANCES WHICH CONFLICT WITH STATUTORY DIRECTIVES MUST YIELD TO THE LEGISLATIVE COMMAND. 11 O.S. 13-109 (1981).
AS IS THE CASE WITH MY PRIOR LETTER TO YOU, THE VIEWS EXPRESSED HEREIN ARE SOLELY THOSE OF THE UNDERSIGNED AND DO NOT CONSTITUTE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE CITY OF MIDWEST CITY SHOULD, OF COURSE, LOOK TO ITS OWN LEGAL COUNSEL FOR COMPREHENSIVE ADVICE AS TO THE INTERACTION OF STATE AND LOCAL LAW. WHILE I REGRET THE NECESSITY TO CORRECT MY EARLIER LETTER, I HAVE NO HESITANCY TO DO SO SINCE IT WAS BASED ON INACCURATE INFORMATION. IF I CAN BE OF FURTHER ASSISTANCE TO YOU, PLEASE FEEL FREE TO CONTACT ME.
(NED BASTOW)